UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. CELAYA JR. and VIOLENA CELAYA,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>Defendant. | No. 1:17-cv-00730-DAD-SAB<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 7) |

This matter came before the court on defendant CitiMortgage, Inc.'s motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 7.) A hearing on the motion was held on August 1, 2017. Attorneys Thomas V. Panoff and Matthew C. Sostrin appeared on behalf of defendant. Attorney Hayk M. Grigoryan appeared on behalf of plaintiff. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant defendant's motion to dismiss.

**BACKGROUND**

In their complaint, plaintiffs Julio C. Celaya, Jr. and Violena Celaya allege as follows. In 2016 plaintiffs attempted to apply for a loan modification with respect to their home in Fresno, California. (Doc. No. 1-1, Ex. 1 ("Compl.") ¶¶ 14–15.) At some unspecified time and before they submitted their application materials, plaintiffs allegedly entered into an oral agreement with

1

a representative of their lender, defendant CitiMortgage, Inc. ("CitiMortgage"), whereby the representative assured plaintiffs they would qualify for a loan modification and promised to review plaintiffs' application in good faith and within a reasonable period of time. (*Id.* ¶¶ 16–17.) Plaintiffs then submitted their loan modification application materials. (*Id.* ¶ 19.) Thereafter, plaintiffs were told to remain in default on their mortgage payments, and to submit additional documents while defendant conducted its review. (*See id.* ¶¶ 19–27, 31–32, 35.) Plaintiffs never received notice from defendant regarding the resolution of their loan modification application. (*Id.* ¶ 36.)

On May 1, 2017, plaintiffs commenced this action in the Fresno County Superior Court. (*See* Compl.) Plaintiff's complaint alleges the following causes of action: (1) violations of California's Homeowner Bill of Rights; (2) unlawful, unfair, and fraudulent activity in violation of California's Unfair Competition Law; (3) breach of the covenant of good faith and fair dealing; (4) negligence; and (5) fraud. On May 25, 2017, defendant CitiMortgage removed the action to this court on the basis of diversity jurisdiction. (Doc. No. 1.) On June 29, 2017, defendant filed the instant motion to dismiss the complaint for failure to state claims upon which relief can be granted. (Doc. No. 7.) On July 26, 2017, plaintiffs filed a late opposition. (Doc. No. 15.)[1]

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] Under this court's local rules, a non-moving party is required to file its opposition to a motion not less than fourteen days before the scheduled hearing on the matter. Local Rule 230(c). Despite plaintiff's failure to timely respond to the pending motion, the court will nonetheless evaluate the merits of defendant's motion based on the applicable legal standards set forth below.

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

**A.     Violation of the Homeowner Bill of Rights**

Plaintiff's first cause of action is brought pursuant to California's so-called Homeowner Bill of Rights ("HBOR"), which was designed "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options . . . such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4(a). While it is unclear precisely what provisions of the

HBOR are alleged to have been violated, plaintiffs appear to reference violations of at least California Civil Code §§ 2923.5, 2923.6, and 2923.7. (*See* Compl. ¶¶ 54–57.) The HBOR provides a private cause of action for a "material violation" of § 2923.6 or § 2923.7. Cal. Civ. Code § 2924.12(a).[2] Similarly, California courts have recognized a private right of action for noncompliance with § 2923.5. *Skov v. U.S. Bank Nat. Ass'n*, 207 Cal. App. 4th 690, 697–99 (2012). Each of these provisions is discussed in turn below.

1. Section 2923.5: Foreclosure Prevention Prior to Recording a Notice of Default

Civil Code Section 2923.5 prohibits a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent from recording a notice of default until thirty days after initial contact with the borrower or thirty days after certain due diligence requirements are satisfied. Cal. Civ. Code § 2923.5(a)(1). Here, plaintiffs have not alleged that defendant CitiMortgage recorded a notice of default with respect to their property. Accordingly, plaintiffs have failed to allege in their complaint a material violation of § 2923.5.

2. Section 2923.6: Dual Tracking

Civil Code Section 2923.6 provides in relevant part:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c). A notice of default or a notice of sale cannot be recorded until the mortgage servicer makes a written determination that the borrower is not eligible for such a loan modification, and any appeal period has expired. *Id.* An application is "complete" when a

---

[2] Materiality under § 2924.12 has not been defined, neither by the statute itself nor by published opinion of a California court. However, consistent with the stated purpose of the HBOR, *see* § 2923.4(a), federal district courts have concluded that a material violation must interfere with a homeowner's right to be "considered for" or to have "a meaningful opportunity" to obtain a loan modification or other foreclosure alternative. *See, e.g.*, *Boone v. Specialized Loan Servicing LLC*, No. 15-CV-02224-DMR, 2015 WL 4572429, at *4 (N.D. Cal. July 29, 2015); *Gonzales v. Citimortgage, Inc.*, No. C-14-4059 EMC, 2015 WL 3505533, at *5 (N.D. Cal. June 3, 2015); *Segura v. Wells Fargo Bank, N.A.*, No. 14–04195, 2014 WL 4798890, at *7 (C.D. Cal. Sept. 26, 2014).

4

borrower has submitted all documents required by the mortgage servicer within reasonable timeframes specified by the mortgage servicer. § 2923.6(h). If the lender denies a loan modification application, it must send a written notification of denial specifying the deadline for any applicable appeals. *See* § 2923.6(f).

Here, plaintiffs have also failed to allege facts in their complaint sufficient to support a claim under § 2923.6. Critically, plaintiffs have not alleged that defendant CitiMortgage recorded a notice of default or a notice of sale, or that it actually conducted a trustee's sale. Moreover, plaintiffs have not alleged facts sufficient to support a plausible inference that they ever submitted a complete loan modification application. For at least these reasons, plaintiffs have failed to plead a sufficient factual basis from which to infer a material violation of § 2923.6.

3.  Section 2923.7: Single Point of Contact

Civil Code Section 2923.7 provides in relevant part:

> (a) Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.
>
> (b) The single point of contact shall be responsible for doing all of the following:
>
> * * *
>
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

Cal. Civ. Code § 2923.7.

Here, plaintiffs' complaint merely states in conclusory fashion that their single point of contact "changed numerous times and was not accessible" and that plaintiffs were denied access to their online account. (Compl. ¶¶ 28–29.) These allegations fall far short of describing a plausible violation of § 2923.7. For instance, defendant's alleged failure to designate one individual as a single point of contact is not, by itself, violative of the HBOR. *See* Cal. Civ. Code § 2923.7(e) ("For purposes of this section, 'single point of contact' means *an individual or team of personnel* each of whom has the ability and authority to perform the responsibilities described

5

in subdivisions (b) to (d), inclusive." (emphasis added)).  Furthermore, plaintiffs do not allege in their complaint that they requested a single point of contact, or more specifically, that defendant's representatives failed to provide access to information regarding the status of any loan modification application submitted by plaintiffs, if any.

For the reasons explained above, plaintiffs' complaint has failed to state plausible claims for relief under the HBOR, and those claims must therefore be dismissed.

**B.     California Unfair Competition Law**

Plaintiffs' first cause of action appears to state parallel claims under California's Unfair Competition Law, California Business & Professions Code §§ 17200 et seq. ("UCL").  To state a UCL claim, plaintiffs must allege an act of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  California courts recognize each of these three prongs as separate and distinct theories of liability.  *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012); *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  In order to assert a claim under the UCL, an individual must have "suffered injury in fact and ha[ve] lost money or property as a result of such unfair competition."  Cal. Bus. & Prof. Code § 17204, 17535; *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008).

The UCL proscribes any unlawful business practice by covering "anything that can properly be called a business practice and that at the same time is forbidden by law."  *Cel-Tech*, 20 Cal. 4th at 180 (citation and internal quotations omitted); *see also Cort v. St. Paul Fire & Marine Ins. Cos.,* 311 F.3d 979, 987 (9th Cir. 2002); *People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 959 (2008).  The UCL further prohibits unfair business practices, which must be "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  *Cel-Tech*, 20 Cal. 4th at 186–87.

Here, plaintiffs' UCL claim rests on the same alleged facts giving rise to their HBOR claims.  Because, as discussed above, those claims are insufficiently pled, the court finds no basis for concluding that defendant's alleged conduct can be plausibly unlawful or that defendant

6

CitiMortgage's alleged conduct was antithetical to some public policy so as to be unfair. In addition, as explained further below, plaintiffs have failed to plead with particularity, let alone with any plausibility, that defendant's conduct constituted fraud. Accordingly, because of the absence of adequate factual allegations, plaintiffs' UCL claims must also be dismissed for failure to state a claim upon which relief may be granted.

**C.     Breach of Covenant of Good Faith and Fair Dealing**

Plaintiffs' second cause of action alleges that defendant CitiMortgage breached the covenant of good faith and fair dealing implied in plaintiffs' alleged oral agreement with one of CitiMortgage's representatives. California law recognizes that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 371 (1992) (quoting Rest. 2d Contracts, § 205); *see also Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988). This implied covenant of good faith and fair dealing requires that "where one party is invested with a discretionary power affecting the rights of another . . . [s]uch power must be exercised in good faith." *Carma Developers*, 2 Cal. 4th at 372. While a breach of the implied covenant need not rest on a breach of the express terms of the contract, "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* at 373 (citing *Foley*, 47 Cal. 3d at 683).

Plaintiffs' claim for breach of the covenant of good faith and fair dealing is deficient in several respects. First, plaintiffs have failed to sufficiently allege the existence of a valid contract with discernable terms. According to the complaint, defendant's representative assured plaintiffs that they would qualify for a loan modification and that defendant would review plaintiffs' application in good faith and within reasonable time. (*See* Compl. ¶¶ 16–17.) But these facts alone, even if proven true, do not adequately describe defendants' obligations under the purported oral agreement. Nor do they suggest that consideration was given to form a binding contract. *See, e.g.*, *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1174 (2016) ("Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable. . . . Preliminary

negotiations or agreements for future negotiations—so-called agreements to agree—are not enforceable contracts." (citations and internal quotations omitted)), *review denied* (July 27, 2016). Accordingly, because plaintiffs have failed to allege the existence of a sufficiently definite contract, they cannot state a cognizable claim for the breach of the covenant of good faith and fair dealing.[3]

**D.  Negligence**

Plaintiffs' third cause of action alleges that defendant acted negligently by failing to process plaintiffs' loan modification application in good faith and within a reasonable time. (Compl. ¶ 103.) In order to sufficiently state a claim for negligence, plaintiff must allege facts showing that defendant CitiMortgage owed them a duty, breached that duty, and the breach caused plaintiffs harm. *See Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014). "[A]s a general rule, a financial institution owes no duty of care to a borrower." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). However, the question whether a bank may be liable for negligence "is not subject to black-and-white analysis—and not easily decided on the 'general rule.'" *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 898 (2013). In the loan modification context, a bank may, in certain circumstances, owe a lender a duty of care. *See, e.g.*, *Alvarez*, 228 Cal. App. 4th at 951 (recognizing that the HBOR sets forth policy considerations that should affect whether a duty of care exists outside of the HBOR); *Jolley*, 213 Cal. App. 4th at 903–04 (acknowledging that the HBOR creates a policy expectation that the lender and borrower work together and engage in good faith loan modification efforts); *Lueras v. BAC Home Loans Servicing, LP*, 2241 Cal. App. 4th 49, 68–69 (2013) ("It is foreseeable that a borrower might be harmed by an inaccurate or untimely communication about a foreclosure sale or about the status of a loan modification application.").

/////

---

[3] Defendant also argues that the alleged oral agreement cannot constitute an enforceable contract under the statute of frauds. (*See* Doc. No. 7 at 13–14.) However, because plaintiffs have failed to allege the existence of a contract of any kind, the court need not address whether such a contract would be barred under the statute of frauds.

8

1     Here, however, even if a duty of care in this context were to be legally cognizable,
2  plaintiffs have failed to allege any facts that might give rise to that duty on the part of defendant
3  CitiMortgage in this case. For example, plaintiffs have not sufficiently alleged that they
4  submitted complete application materials to defendant. Moreover, plaintiffs' allegations
5  regarding timing of the events at issue are vague at best. With only one reference to the year of
6  certain events, the court cannot plausibly infer that defendants failed to perform any acts within
7  reasonable time. Because plaintiffs have failed to provide any specificity as to the facts giving
8  rise to any alleged duty of care owed by defendant, plaintiffs' negligence cause of action must
9  also be dismissed.

10 **E.     Fraud**

11     Finally, plaintiffs' fourth cause of action alleges fraud under California law. Under
12 California law, the elements of an intentional misrepresentation are: "(1) a misrepresentation, (2)
13 with knowledge of its falsity, (3) with the intent to induce another's reliance on the
14 misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ.*
15 *of Cal.*, 45 Cal. 4th 1244, 1255 (2009); *accord Lazar v. Superior Court*, 12 Cal. 4th 631, 638
16 (1996). To allege such a cause of action, plaintiffs "must state with particularity the
17 circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such allegations must
18 describe facts such as the time, place, persons, statements and explanations of why allegedly
19 misleading statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7
20 (9th Cir. 1994); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

21     Here, plaintiffs have alleged fraud in a purely conclusory fashion. Plaintiffs have not
22 stated with any particularity the specific circumstances and events giving rise to the claimed
23 fraud. As a result, plaintiffs' fraud cause of action must be dismissed as well.

24 **F.     Leave to Amend**

25     For the reasons explained above, defendant CitiMortgage's motion to dismiss the
26 complaint will be granted. After careful consideration of plaintiffs' arguments at the hearing on
27 the pending motion to dismiss and in their untimely written opposition to that motion, the court
28 concludes that further amendment would be futile in this case. *See California Architectural Bldg.*

*Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). At the hearing on defendant's motion to dismiss, plaintiffs' counsel failed to address the court's concerns regarding many of the pleading deficiencies discussed above. For example, plaintiffs' counsel declined to specify the sections of the HBOR that defendant allegedly violated. Moreover, plaintiffs' counsel could not indicate whether a notice of default or a notice of sale had ever been recorded. Finally, counsel's responses to the court's inquiries convinced the undersigned that plaintiffs could not remedy the noted pleading deficiencies. Accordingly, plaintiffs' complaint will be dismissed without leave to amend.

## CONCLUSION

For the reasons set forth above,

1. Defendant's motion to dismiss (Doc. No. 7) is granted;

2. Plaintiffs' complaint is dismissed without leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 24, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE